The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this honorable court. Good morning, we have one argued case this morning, number 20-1665, Kilbourn v. Apple Incorporated, Mr. McCaulkin. Yes good morning and may it please the court. The PTAB panel below erred in its construction of dependent claim 14 and as a result erred in its finding that claim 14 was shown invalid. Specifically, the panel erred in failing to give proper weight to the plain language of composing a holster, in particular a deadbolt activating system, of three separate components, namely a gear carrier. Do you agree that if the board got the claim construction right that you lose in this case? Yes, if the claim only requires that the completed composite structure meet the requirements and by that I mean that you can find in that composite completed structure something that is a gear carriage, something that is motor and battery carriage, and something that is a gear base, I believe if that construction is confirmed then the finding of invalidity would be appropriately affirmed. I think this all turns on the claim construction and whether or not the claim requires you engage in a step of combining the three components recited in the claim to provide the whole or whether or not you can look at that claim as the board did in simply finding that you look at the completed assembly and see if you can check off each of the features recited in the claim. Okay, go ahead. So, and I think that claim construction issue is absolutely critical because if the claim is found to actually require the method of composing a whole by combining the three discrete elements recited in the claim, that that is not disclosed by the Pyre Arc PADIAC reference. And I don't believe there's really a lot of significant dispute on that because the PADIAC reference does not in fact show that method of assembling or forming the device. Now the boards found that the claim does not require the combination of these three components, but simply look to see does the completed assembly in the Pyre Arc have features that would meet what it looked at as limitations in the claim. And we believe that's an improper construction of the claim because Claim 14 is not an apparatus claim. Claim 14 is a dependent claim from a method claim that adds a method step requiring the composing of a whole from three discrete components. And in order to violate that claim and in order to show that claim's invalid, the method step of combining those three elements must be shown. And I think that's clear from the claim language itself because the claim doesn't simply recite a deadbolt activating system having a gear carriage, a motor and battery carriage, and a gear base. It instead recites an active step of composing a deadbolt activating system of those three separate components. And I think that very clearly shows that this is not something that you look at the end apparatus, but you actually look at that that method step is performed. And I think there's at least two things in the claim that confirm that. One is the active verb composing, which in fact is a verb talking about the combining of discrete components to yield a whole. So when the claim talks about composing the deadbolt activating system and then recites three components, it very clearly indicates that it's talking about an active assembly of those three components and not simply characteristics or feature of the final assembled device. I think it's also important to note that because the claim says that you compose the whole, i.e. the deadbolt activating system of the discrete components, and one of those components is identified as a motor and battery carriage, that means that you have to have a motor and battery carriage component that exists independently and prior to the Mr. McLaughlin, this is Judge Dyke. When I look at this method claim and the independent claim being 11, it seems to me it's a method for moving the deadbolt rather than a method for assembling the overall apparatus. So why does that suggest that claim 14 is talking about a method for assembling the deadbolt as opposed to suggesting that it's part of the system in which the deadbolt is activated? Well, I think, Your Honor, it is because in order to move the deadbolt activating, in order to move the deadbolt activating assembly, in order to move the deadbolt, you have to perform the steps of claim 11. And then claim 14 also indicates that you have to do that through an initial step of composing the deadbolt activating system of these components. And the specification shows that the way that you end up moving the deadbolt is by first combining the three components that are identified in claim 14. And that's important because what this patent is directed to is a method of allowing you to move a pre-existing deadbolt lock without necessarily having to change the innards of a lock. So you can keep the same key. You basically are engaging in a process to move that deadbolt. And in order to do that, you have to assemble something on the door that will allow a mechanism in the lock that actually turns it. So in order to do that effectively, you've got to find a way of assembling that assembly on the door. And the patent teaches you doing that by using what the claim refers to a gear base. The patent describes the template unit and the board found that was a proper correlation. You first put that on the door. You then find an adapter that will fit that particular lock. And then you basically build the deadbolt activating system onto the door by the combination of the components recited in claim 14. The template or gear base that fits onto the door. You then have a carriage that will have a couple of gears to allow an adapter to interface with the lock. And then you have the motor and battery carriage that will provide the power to turn the lock. So I think that if you look at claim 11 and 14, claim 14 is an initial step that is done to assemble the deadbolt activating system recited in claim 11. So I don't believe there's any inconsistency in simply treating claim 14 as reciting an additional method step of what's required in claim 11. I think if you looked at claim 14 and tried to say that, well, maybe that's really just talking about characteristics of the finished deadbolt activating system, I think... Mr. McGowan? Yes. This is Judge Jen. Looking at figure two of your patent, we see an exploded view of the system with three main components. And it looks like the gears are mounted to the motor and battery carriage. Is that right? Well, if... Is that right or wrong? Isn't that what figure two illustrates? Gears 19 and 11 mounted on the motor and battery carriage 17 element? I think there are some gears mounted on the motor and battery carriage 17. The actual description of the patent in column four, this is the fact that the gear casing 12 is molded such that there is a hollow portion of size and shape to contain gears 9, 10, and 11 in such a way that they could rotate. And it further says that gears 9, 10, and 11 are preferably held within gear casing 12 by gear bracket 16. So, the patent figure in combination with the written description in column four described the fact that you have gears 9, 10, and 11 that it describes as being held within the gear casing 12 by gear bracket 16. So, I think there certainly are gears that are located on the motor and battery housing 17, but the patent describes the gear casing 12, which corresponds to the gear carriage in the claim as having hollowed portions to securely contain the gears and being held within... And that the gears are held within that gear casing by the bracket. So, I think the answer to your question is... And those same gears are mounted to the motor and battery carriage, right? The ones where you've got little holes in the gear casing. They accommodate the gears that are mounted to the motor and battery carriage 17. It shows some of the gears. Yes, Your Honor. It shows some of the gears connected... Are there other gears? When you say some of the gears, are there other gears? Well, one of the gears, Your Honor, we believe is actually the claim refers to a element of the motor and battery carriage and goes through the assembly into the lock to turn it. But in terms of the gears that are described in Column 4, it's 9, 10, 11. And you can see where those are in the figure, which it does show them as resting on the motor and battery carriage 17. They're just resting on the motor and battery carriage? Well, what the claim says is that the gear... Well, I'm talking about the figure 2 that I'm looking at. No, I see figure 2. And I think that if you look at the gear, it has an element 10 that the patent describes as a gear. But if you look at the figure, that actually looks to be a cutout rather than a gear. I believe the gear would be as described in the spec, would actually be held in the gear casing 12. If you look at 11 in figure 2, I think 11 is very clearly a gear that's on a 10 extending from element 17. And I think if you look at element 9, at least in figure 2, element 9 appears to be an element that is that is affixed to the motor and battery carriage 17. Now, if you look at figure 3, it illustrates those gears in a little bit more detail. And I think you can see that gear 10, if you look at figure 3, is actually shown as something that would fit into a recess within the gear carriage 12. Okay, Mr. McGaughan, you're into your rebuttal time. Do you want to save it or do you want to continue? No, Your Honor, I will save my rebuttal time for rebuttal. Okay, thank you. We'll hear from Ms. Nock. Good morning, Your Honors. May it please the court. I'm representing petitioners Apple and August Hum. And this appeal can be resolved, as counsel just confirmed, on a single issue of the construction of the claim term composing. The board correctly concluded that the broadest reasonable interpretation of composing in the context of Claim 14 simply requires a step of forming the deadbolt system so that it comprises or is composed of the three elements listed in the claim. And again, counsel has confirmed there's no dispute that under that board's construction, the PADIAC reference renders Claim 14 obvious. So, turning to the claim construction, there's no basis for patent owners' belated attempt to narrowly construe composing so that it would require assembling the deadbolt system by physically bringing together three separate pre-existing structures. That's just not the broadest reasonable interpretation. We've looked at the claim language, specification, and prosecution history, all of which support the board's construction. So, looking just at the Claim 14 itself, it simply recites composing the system of three elements. As Judge Steik observed, this is just a single step in a method of moving a deadbolt. Claim 14 doesn't specify any interrelationships between the elements that would suggest they have to be separate structures. And the term composing simply doesn't provide a hook that would require separateness either. In fact, patent owners' choice of the term composing in Claim 14 appears deliberately broad. In other claims, like Claim 9 and Claim 11 itself, patent owner used the term attached or attaching to describe joining two structures together. But in Claim 14, patent owners selected the broader term composing, which only requires forming the system so that it constitutes or comprises those listed elements. And looking at the specification, there's again no support for patent owners' narrow construction. The specification does not use the term composing to describe attaching separate pre-existing structures. On the contrary, it discusses composing structures of a single material. For example, it talks about a casing that's composed of plastic and brackets that are composed of metal. And as Judge Chen observed, I think Figure 2 clearly supports the board's construction as well. Figure 2 does illustrate the motor and battery carriage having the gears mounted on the bottom of it so that it's also a gear carriage. So therefore, Figure 2 is showing that those two claim elements can be parts of the same physical structure. There's just no requirement for separate pre-existing structures here. An opposing counsel wants to map the elements of Claim 14 onto the three structures that are shown in Figure 2, and we disagree with that mapping. But even if you map those structures and say they correspond to the claim elements, that still provides no basis to limit Claim 14 to that specific embodiment. The specification doesn't ascribe any importance to constructing the deadbolt system out of three separate structures. The board found that Mr. Kilbourn's testimony claiming a functional benefit of separate structures was not credible. That finding is clearly supported by substantial evidence, including the specification itself. As the board observed, the specification states that many variations in the structure and design of the system are acceptable. And finally, we also looked at the prosecution history here, and it further supports... Where did the board say that the suggestion of functional benefit was not credible? At appendix page 27, and again at page 38. So, really what the board said was, you know, we've considered Mr. Kilbourn's testimony, but we've looked at the specification. There's nothing in the specification that supports a functional benefit. We petitioners also had the testimony of Dr. Pratt, which the board discusses at appendix page 27. And found Dr. Pratt's testimony persuasive that there was no problem with having a motor and battery carriage that's composed of two pieces. Well, I'm not... I see on 36 and 37, they say that the patent owner hasn't identified any functional benefit. But I'm not sure that I see where they said that Mr. Kilbourn's testimony about functional benefit wasn't credible. Where exactly did they say that? Well, they said they accord little weight to Mr. Kilbourn's testimony in the present claim construction. And at the top of page 38, Mr. Kilbourn's testimony in support of requiring separate and distinct structures is not persuasive. Because the intrinsic evidence fails to reflect consideration of the functional benefit identified by Mr. Kilbourn. So, that's what I was referring to, Your Honor. Okay. And again, looking at the prosecution history, this Claim 14 was not amended during prosecution. And interestingly, when the examiner identified in the prior art the elements of Claim 14, stated that the prior art described each of these elements contained within a housing. The patent owner never argued in response during prosecution that, well, there's this composing step that requires separate pre-existing structures that have to be put together. So, that issue simply was never raised in prosecution. So, there's clearly no basis to narrowly construe the composing term here. So, in sum, all of the intrinsic evidence supports the board's construction of Claim 14. And therefore, you don't even need to look at patent owner's extrinsic dictionary evidence. But if you do, it also shows that composing doesn't necessarily require bringing together separate and pre-existing structures. It can simply mean constituting, as it does here. Therefore, the board's construction should be affirmed. And under the board's- Just curious. What if the claim, instead of saying the word of, said by combining? So, that Claim 14 would say, further composing the deadbolt activating system by combining a gear carriage, a motor and battery carriage and a gear base. Would that then require that we're talking about three separate and distinct elements physically being combined? Your Honor, I think that language might connote separate structures. Just as in some of the cases that were cited in the briefing, if you talk about attaching separate structures to one another, that type of language might further support a requirement for separateness. But really, you should look at the record as a whole. And here, there's no support in the specification or prosecution for separate structures either. Now, our briefing addressed two alternative bases for affirmance, both that Patent Owner waived the claim construction issue that's disputed in this appeal, as well as obviousness of Claim 14 under Patent Owner's narrow construction. I'd be happy to address any questions the Court might have on those issues, but otherwise, we would rest on the brief because it is not necessary to reach those issues if you affirm the board's claim construction on the merits. Okay. Anything further? No, Your Honor. Thank you. Okay. Any questions from the panel? No. Okay. Hearing none, we'll hear from Mr. McGaughan for his rebuttal. Thank you, Your Honor. Just a few points. The question about whether if Claim 14 said that you compose by combining, would that make a difference? I think the concept of combining is inherent in the ordinary meaning of compose. When you talk about composing a whole of discrete parts or composing a whole of different items, that is the active combination of various items to create a whole. When you talk about a composite structure, for example, a composite bow, for example, you're talking about independent discrete structures that are combined to compose a whole element. So I think from a claim construction perspective, we think saying composing by combining would be redundant and that that concept of combining the discrete elements is, in fact, embodied and imbued by the term composing. I think the emphasis that was made on whether the motor and battery carriage and the patent carry some gears and that that shows that a single structure can meet multiple limitations in a claim, that really isn't the issue here. There's no dispute that if you have an apparatus claim that recites multiple limitations, a single structure can, in fact, meet multiple limitations. But here the claim talks about composing a whole from discrete parts, and we believe you have to have each of those discrete parts. And while it's true that Housing 17 does carry some gears, such that it might be a motor and battery carriage and carry some gears, if you look at the patent, it's clear that the other structure shown in Figure 2, and in particular Structure 12, is a gear carriage that carries a gear. And that specification does, in fact, show combining the three specific components recited in Claim 14 to create the whole. And as a final matter, the issue of whether or not there's evidence of a functional benefit... That seems to me kind of odd when the method is moving the deadbolt rather than assembling the apparatus or assembling the system. Well, I think in order to move the deadbolt, when you're talking about an adaptive system that is being used to move a pre-existing deadbolt, you have to have that deadbolt assembly created and attached to the deadbolt. And so I think having a step in a dependent claim reciting how the deadbolt actually... The system exists when you start to move the deadbolt. It does. It does. Yes, Your Honor. Go ahead. No, the system does exist when you start to move the deadbolt, but a priori, before you can begin to do that, you have to assemble and form the deadbolt activating system, or as Claim 14 would say, engaging the act of composing the deadbolt activating system. Okay. Unless my colleagues have questions, I think we've run out of time. Thank you, Mr. McGaughan. Thank you, Ms. Knox. The case is submitted. Thank you, Your Honors. Thank you, Your Honor. The honorable court is adjourned from day to day.